UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE PIECZENIK, | |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | 04 Civ. 4558 (LAK) (RLE) |
| PFIZER, INC., | |
| Defendant. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. BACKGROUND

Plaintiff George Pieczenik brings this *pro se* action for alleged patent infringement against Pfizer, Inc. This case was referred to the undersigned by the Honorable Lewis A. Kaplan on September 7, 2004, for general pretrial matters, and dispositive motions. On June 20, 2005, Pieczenik filed a motion to disqualify Pfizer's counsel, White & Case. Pieczenik's motion is hereby **DENIED**.

## II. DISCUSSION

Motions to disqualify opposing counsel "are viewed with disfavor in this Circuit because they are often interposed for tactical reasons and result in unnecessary delay." **Bennett Silvershein Assocs v. Furman**, 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (citation omitted). Although doubts should be resolved in favor of disqualification, "the party seeking disqualification must carry a heavy burden . . . and must meet a high standard of proof before a lawyer is disqualified." **Id**. An attorney or law firm may be disqualified from representing a client if:

> 1) the moving party is a former client of the adverse party's counsel;

> 2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client

**Evans v. Artek Systems Corp**, 715 F.2d 788, 791 (2d Cir. 1983) (citation omitted).

Pieczenik's central argument for disqualification is that Leslie Morioka, a partner at White & Case who is not counsel of record in this case, was privy to information concerning pending litigation over the patents-in-suit.[1] *See* Pieczenik's Motion to Remove ("Pieczenik's Mot.") at 1. Pieczenik maintains that Morioka is his acquaintance and that she was "instructed to interrogate [him] about his cases, based on their previous personal relationship." **Id**. Twenty years ago Pieczenik and Morioka were employed "in neighboring laboratories at The Rockefeller University in New York City." Morioka Affidavit ("Morioka Aff.") at 1. The record shows, however, that "from the time [Morioka] left Rockefeller in the 1980's, until about early 2002, [Morioka] had little to no contact with [Pieczenik]." **Id**. Early in 2002, Morioka "contacted [Pieczenik] out of curiosity as to what scientific endeavors [he] was then currently undertaking and thereby learned of [his] interest in the area of combinatorial libraries." **Id**. at 2. Pieczenik maintains that Morioka had "a hidden agenda" when she contacted him. Pieczenik also asserts that "[he] sued Domantis . . . on [her] advise," and she "specifically hid from [him] Pfizer's infringement." Pieczenik's Mot. at 1; *see also* E-mail Communications between Pieczenik and Morioka, attached to Pieczenik's Mot., as Exh. A. The facts as set forth in the record, however,

---

[1] Although Pieczenik seeks to disqualify White & Case, he asks the Court to allow Morioka to represent Pfizer independent of the firm. Pieczenik's Memorandum of Law in Support of Motion to Remove ("Pieczenik's Mem.") at 6. In light of his motion for disqualification – premised on Morioka's conflict of interest – Pieczenik's request is counterintuitive, and undermines his claim of disqualification.

do not support this argument. The record does not show that a previous attorney-client relationship existed between Pieczenik and Morioka. *See* Morioka Aff. at 2. The exchange of e-mail does not support Pieczenik's argument, and is not sufficient for disqualification. Pieczenik also failed to substantiate his allegation that White & Case conducted "sloppy conflict checking procedures." Pieczenik's Mem. at 1.

The additional arguments made by Pieczenik are without merit. The assertion that Pfizer is a "secondary level client" represented by an associate, and not a partner, does not support disqualification. Id. at 6. Pieczenik's ad-hominem allegations about White & Case's alleged anti-Semitic activities in Germany during World War II are unsubstantiated, and do not support disqualification. *See* Id. at 3-5.

### III. CONCLUSION

The Court finds that disqualification of Pfizer's counsel, White & Case, is not warranted. Pieczenik's motion is hereby **DENIED**.

**SO ORDERED this 14th day of October 2005**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**